UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

05 - 20233

CIV - HUCK

MAGISTRATE
TURNOFF

ZAIDA PENA,

    Plaintiff, and similarly situated individuals,

vs.

HODICA SECURITY PARKING, INC., a Florida corporation, JORGE NEGRIN, an individual, and MALBIA NEGRIN, an individual,

    Defendants.

_____/



## COMPLAINT

Plaintiff, ZAIDA PENA, (hereinafter "Plaintiff PENA"), sues Defendants, HODICA SECURITY PARKING, INC., JORGE NEGRIN and MALBIA NEGRIN and states:

1. Plaintiff and similarly situated individuals bring this action under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.*, (hereinafter "the Act") to recover unpaid back wages, and an additional equal amount as liquidated damages, reasonable attorneys' fees and costs.

2. Jurisdiction of this action is conferred upon the court by section 16 (b) of the Act, 29 U.S.C. § 216 (b).

3. All acts or omissions giving rise to this dispute took place in the Southern District of Florida.

### PARTIES

4. Plaintiff ZAIDA PENA is an individual, a resident of the Southern District of Florida,



and was an employee of Defendants from July 19, 2002 until on or about February 2, 2004.

5. At all times material to this Complaint, Plaintiff and similarly situated employees were employees who were non-exempt from the overtime provisions of the Act.

6. Defendant HODICA SECURITY PARKING is a Florida corporation doing business in Miami-Dade County at all times relevant to this Complaint. Its principal place of business is in Miami-Dade County.

12. Defendant JORGE NEGRIN, is a resident of Miami-Dade County, Florida and was, and now is, owner/operator of Defendant HODICA SECURITY PARKING.

13. Defendant MALBIA NEGRIN, is a resident of Miami-Dade County, Florida and was, and now is, owner/operator of Defendant HODICA SECURITY PARKING.

14. Defendant JORGE NEGRIN, acted and acts directly in the interests of Defendant HODICA SECURITY PARKING in relation to its employees. Thus he was and is an employer within the meaning of Section 3(d) of the Act, 29 USC § 203(d).

15. Defendant MALBIA NEGRIN, acted and acts directly in the interests of Defendant HODICA SECURITY PARKING in relation to its employees. Thus she was and is an employer within the meaning of Section 3(d) of the Act, 29 USC § 203(d).

16. Defendants acted and act directly in the interests of each other Defendant in relation to their employees. Thus Defendants were employers within the meaning of Section 3(d) of the Act, 29 USC §203(d), at all times material to this Complaint.

17. Plaintiff and similarly situated individuals were or are engaged in commerce or the production of goods for commerce within the meaning of Section 3(b) and (j), respectively, of the Act, 29 U.S.C. § 203(b) and (j), while working for Defendants and at all times material to this

Complaint.

18. By reason of the foregoing, Defendants were during all times hereinafter mentioned, each enterprises engaged in commerce or in the production of goods for commerce as defined in Section 3(r) of the Act, 29 U.S.C. § 203(r) and 203(s).

## FACTUAL ALLEGATIONS

19. Plaintiff ZAIDA PENA was employed by Defendants as a maintenance worker from July 19, 2002 until on or about February 2, 2004.

20. Defendants paid Plaintiff and similarly situated individuals on an hourly basis.

21. Plaintiff and similarly situated individuals often worked more than forty hours per week but were never paid at a rate of one and one half times their regular rate of pay for those hours worked in excess of forty hours in a workweek.

## COUNT I -- VIOLATION OF FAIR LABOR STANDARDS ACT
### (FAILURE TO PAY OVERTIME WAGES)

22. Plaintiff and similarly situated individuals reallege paragraphs 1 through 21 as if fully set forth herein.

23. Federal law, 29 U.S.C. §207(a)(1), states that "if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at a rate of at least one and a half times the employee's regular rate."

24. At all times since the three years preceding the filing of this Complaint, Defendants willfully employed Plaintiff and similarly situated individuals in the aforesaid enterprise, in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce as described

3

above, for many workweeks longer than 40 hours, and failed and refused to compensate Plaintiff and similarly situated individuals for such work in excess of 40 hours at rates not less than one and one-half times the regular rates at which they were employed, contrary to the provisions of Section 7(a) of the Act, 29 USC § 207(a).

25. Defendants are employers under the Act.

26. Defendants willfully and intentionally failed to pay Plaintiff and similarly situated individuals the statutory overtime rate as required by the laws of the United States as set forth above and remains owing their back wages.

27. As a result of the under payments of wages alleged above, Defendants are indebted to Plaintiff and similarly situated individuals in the amount of the unpaid overtime compensation. Plaintiff and similarly situated individuals propose to obtain the necessary records and information to determine the amount of the underpayment to the Plaintiff and similarly situated individuals by appropriate discovery proceedings to be promptly taken in this cause.

WHEREFORE, Plaintiff and similarly situated individuals demand judgment awarding him and similarly situated individuals all such legal and/or equitable relief that will effectuate the purpose of the Act including but not limited to back pay and prejudgment interest, liquidated damages, reasonable attorney fees, pursuant to the Act, 29 U.S.C. § 216 (b),, along with court costs, witness fees and other miscellaneous costs of the litigation, and any other relief that this court finds will reasonable under the circumstances.

### **DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,

GARY A. COSTALES, P.A.
1401 Brickell Avenue, Suite 825
Miami, Florida 33131
(305) 779-8102
(305) 373-2735 (facsimile)

_____
Gary A. Costales, Esq.
Florida Bar No. 0948829

JS 44
(Rev. 12/96)

Case 1:05-cv-20233-PCH  Document 1  Entered on FLSD Docket 02/02/2005  Page 6 of 6

# CIVIL COVER SHEET  05-20233 CIV-HUCK

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Zaida Piña

**DEFENDANTS**
Hodica Security Parking, Inc., Jorge Negrin, and Malbia Negrin

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Miami-Dade
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: Miami-Dade
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Dade 05cv20233/Huck/Turnoff

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Gary A. Costales, P.A.
1401 Brickell Avenue, Suite 825
Miami, FL 33131

ATTORNEYS (IF KNOWN)

**MAGISTRATE TURNOFF**

**(d)** CIRCLE COUNTY WHERE ACTION AROSE: (DADE), MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)
[X] 3 Federal Question (U.S. Government Not a Party)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (For Diversity Cases Only)

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
[X] 1 Original Proceeding

FILED by INTAKE JAN 28 2005 D.C.
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. MIAMI

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)
[X] 710 Fair Labor Standards Act

**VI. CAUSE OF ACTION**
Action for recovery of overtime pursuant to FLSA 201 et. seq.

**VII. REQUESTED IN COMPLAINT:** JURY DEMAND: [X] YES

DATE: 2/25/05
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**
AMOUNT: $150.00   RECEIPT # 914637
01/28/05