UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 05-20233-CIV-HUCK / Turnoff

ZAIDA PENA,

    Plaintiff and similarly situated individuals,

vs.

HODICA SECURITY PARKING, INC.,
a Florida corporation, JORGE NEGRIN,
an individual, and MALBIA NEGRIN,
an individual,

    Defendants.
_____/

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

Defendants, HODICA SECURITY PARKING, INC., JORGE NEGRIN and MALBIA NEGRIN (hereinafter collectively referred to as "Defendants"), by and through undersigned counsel hereby file their Answer and Affirmative Defenses to Plaintiff's Complaint. Defendants state:

1.    Defendants admit that Plaintiff brings this action under the Fair Labor Standards Act (hereinafter "FLSA") for jurisdictional purposes only and deny same for any other purpose. Defendants deny the remaining allegations in paragraph 1.

2.    Defendants admit the allegations in paragraph 2 for jurisdictional purposes only but deny same for any other purpose.

3.    Defendants admit the allegations in paragraph 3 for jurisdictional purposes only but deny same for any other purpose.

4.    Defendants admit that Plaintiff was an employee of Defendant Hodica



100772_1

Security Parking, Inc. between July, 2002 and February, 2004. Defendants are without sufficient knowledge to admit or deny the remaining allegations in paragraph 4 and, therefore, deny same.

5. Defendants deny the allegations in paragraph 5.

6. Defendants admit the allegations in paragraph 6.

12. [sic] Defendants admit that Jorge Negrin is a shareholder of Defendant Hodica Security. Defendants deny the remaining allegations in paragraph 12.

13. Defendants admit that Malbia Negrin was a shareholder of Defendant Hodica Security. Defendants deny that Ms. Negrin is currently a shareholder of Hodica Security. Defendants deny remaining allegations in paragraph 13.

14. Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 14 and, therefore deny same.

15. Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 15 and, therefore deny same.

16. Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 16 and, therefore deny same.

17. Defendants deny the allegations in paragraph 17.

18. Defendants deny the allegations in paragraph 18.

19. Defendants admit that Plaintiff was employed by Defendant Hodica Security Parking between July, 2002 and February 2, 2004. Defendants deny the remaining allegations in paragraph 19.

20. Defendants deny the allegations in paragraph 20.

21. Defendants deny the allegations in paragraph 21.

22.     Defendants reallege and reincorporate its answers to paragraphs 1 through 21 as is fully set forth herein.

23.     Defendants state that 29 U.S.C. § 207(a)(1) speaks for itself and this paragraph does not require a response.

24.     Defendants deny the allegations in paragraph 24.

25.     Defendants deny the allegations in paragraph 25.

26.     Defendants deny the allegations in paragraph 26.

27.     Defendants deny the allegations in paragraph 27.

Defendants deny that the Plaintiff is entitled to the relief requested in the WHEREFORE clause of the Complaint.

## **AFFIRMATIVE DEFENSES**

1.     The Court lacks jurisdiction over the subject matter or person in this action.

2.     Plaintiff's Complaint fails to state a claim upon which relief can be granted under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*.

3.     Plaintiff and Defendants were not engaged in commerce or the production of goods for commerce within the meaning of the FLSA.

4.     Defendants were not an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

5.     Plaintiff is exempt from the overtime and maximum hour provisions of the FLSA pursuant to the executive exemption.

6.     Plaintiff is also exempt from the overtime and maximum hour provisions of the FLSA pursuant to the administrative exemption.

7.     At all times relevant to the Complaint, Defendants acted in good faith.

8. Any violation of the Fair Labor Standards Act by Defendants was not willful and was wholly unintentional.

9. Plaintiff's claim(s) is barred by the applicable statute of limitations.

10. Plaintiff has been paid for all hours suffered or permitted to work in full compliance with the Fair Labor Standards Act.

Defendants reserve the right to raise additional affirmative defenses as this case progresses.

Respectfully submitted,

_____
Rodolfo Gomez
Florida Bar No. 0820903
rgomez@anblaw.com

Allen, Norton & Blue, P.A.
121 Majorca, Suite 300
Coral Gables, FL 33134
Tel:  (305) 445-7801
Fax:  (305) 442-1578

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been sent via U.S. mail on this 2nd day of March, to:

Gary A. Costales, Esquire
Gary A. Costales, P.A.
1401 Brickell Avenue, Suite 825
Miami, Florida 33131

_____
Attorney

100772_1