

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 05-20233-CIV-HUCK / Simonton

ZAIDA PENA,

    Plaintiff and similarly situated
    individuals,

vs.

HODICA SECURITY PARKING, INC.,
a Florida corporation, JORGE NEGRIN,
an individual, and MALBIA NEGRIN,
an individual,

    Defendants.
_____/

## JOINT MOTION TO APPROVE SETTLEMENT
## AND TO DISMISS WITH PREJUDICE

The Parties, by and through undersigned counsel, hereby file this Joint Motion To Approve Settlement And To Dismiss With Prejudice, and state the following in support thereof:

1.    Plaintiff filed the instant action alleging that Defendants violated the Fair Labor Standards Act, as amended, 29 U.S.C. § 201-216 (FLSA).

2.    To avoid the costs and the uncertainty of litigation, the Parties have negotiated a settlement of this matter. Pursuant to <u>Lynn's Food Stores, Inc. v. United States</u>, 679 F.2d 1350 (11th Cir. 1982), claims for back wages arising under the FLSA may be settled or compromised only with the approval of the Court or the Secretary of Labor. Accordingly, the Parties request that the Court approve the Settlement, Release and Non-Disclosure Agreement entered into by the Parties, a copy of which is attached to this

101262_1

1

Motion as Exhibit "A."

3. As part of the settlement reached between the Parties, Plaintiff has agreed to dismiss this action with prejudice upon approval by the Court of the attached Settlement, Release and Non-Disclosure Agreement.

4. The Parties have agreed that settlement is confidential. As such, Defendants respectfully request that, upon ruling on this Motion, the Court return to counsel for Defendants, Rodolfo Gomez, Esquire, the attached Settlement, Release and Non-Disclosure Agreement.

WHEREFORE, the Parties respectfully request that this Court enter an Order approving the attached Settlement, Release and Non-Disclosure Agreement, dismissing the claims made by Plaintiff against Defendants in this action with prejudice and returning the attached Settlement, Release and Non-Disclosure Agreement to counsel for Defendants.

Respectfully submitted,

_____
Gary A. Costales
Florida Bar No. 0948829
Gary A. Costales, P.A.
1401 Brickell Avenue, Suite 825
Miami, Florida 33131
Tel:  305.779.8102
Fax:  305.373.2735

Counsel for Plaintiff
Date: 4/19/05

_____
Rodolfo Gomez
Florida Bar No. 0820903
Allen, Norton & Blue, P.A.
121 Majorca, Suite 300
Coral Gables, FL 33134
Tel:  (305) 445-7801
Fax:  (305) 442-1578

Counsel for Defendant
Date: 5/18/05

77578_1

# EXHIBIT A

77578_1

# EXHIBIT A

## SETTLEMENT, MUTUAL RELEASE AND
## NON-DISCLOSURE AGREEMENT

THIS SETTLEMENT, RELEASE AND NON-DISCLOSURE AGREEMENT (hereinafter referred to as the "Agreement") is made and entered into by and between ZAIDA PENA (hereinafter referred to as "Plaintiff") and HODICA SECURITY PARKING, INC., JORGE NEGRIN, and MALBIA NEGRIN, (which term shall also collectively include all past and present parents, successors in interest and assigns, affiliates, subsidiaries, divisions, departments, wholly-owned corporations or partnerships, business associations, sole proprietorships, and their current or former officers, agents, representatives, attorneys, fiduciaries, administrators, directors, stockholders, partners, or employees, in both their individual and official capacities) (hereinafter "Defendants").

## WITNESSETH:

WHEREAS, Plaintiff filed a civil action against Defendants in the United States District Court, Southern District of Florida, to which case number 05-20233-CIV-HUCK was assigned (hereinafter referred to as the "civil action"), and in which Plaintiff alleged claims under the Fair Labor Standards Act ("FLSA").

WHEREAS, Defendants deny the allegations in the civil action;

WHEREAS, Plaintiff and Defendants desire to avoid incurring further costs of litigation, and seek to resolve all matters in controversy, disputes, and causes of action between them in an amicable fashion;

WHEREAS, Plaintiff and Defendants have reached a full and final compromise and settlement of all matters, causes of action, claims and contentions between them;

WHEREAS, Plaintiff specifically acknowledges that she:

101261_1

1

a. has been given at least twenty-one (21) full days within which to consider this Agreement;

b. was advised in writing that she has the right and may consult with an attorney prior to executing this Agreement, and acknowledges that she has had an opportunity to consult an attorney;

c. has seven (7) days following the execution of this Agreement to revoke this Agreement and this Agreement will not become effective or enforceable until after this seven (7) day period has expired. To revoke this Agreement, Plaintiff must advise counsel for Defendants, Rodolfo Gomez, Esquire, Allen, Norton & Blue, P.A., 121 Majorca Avenue, Coral Gables, Florida 33134, in writing of her election to revoke it within the seven (7) day period;

d. is specifically releasing, among other claims, any claims under the Age Discrimination in Employment Act of 1967, and all amendments thereto;

e. is not waiving any rights or claims that may arise after the date the Agreement is executed.

NOW THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, the sufficiency of which is hereby acknowledged and to avoid unnecessary litigation, it is hereby agreed by and between the Parties as follows:

FIRST: This Agreement, and compliance with this Agreement, shall not be construed as an admission by Defendants of any liability whatsoever, or as an admission by Defendants of any violation of the rights of Plaintiff or any other person, or of any violation of any order, law, statute, duty, or contract, or any act of discrimination

whatsoever against Plaintiff or any other person, and Defendants specifically disclaim any liability to, or discrimination against Plaintiff or any other person, and any alleged violation of any rights of Plaintiff or any other person, or of any order, law, statute, duty or contract.

SECOND: Plaintiff agrees that she will take all necessary actions and execute, serve, and file all necessary documents and pleadings to dismiss with prejudice the civil action.

THIRD: Defendants agree to pay Plaintiff and her attorney the total sum of five thousand five hundred dollars ($5,500.00) as follows:

(a) four thousand dollars ($4,000.00) will be made payable to Gary A. Costales, P.A. This sum is allocated as payment for Plaintiff's claims for attorney's fees and costs.

(b) seven hundred fifty dollars ($750.00), less appropriate payroll deductions, will be made payable to Zaida Pena.

(c) seven hundred fifty dollars ($750.00), with no deductions, will be made payable to Zaida Pena. This sum is allocated as payment for Plaintiff's claims in the civil action.

Defendants agree to forward the aforementioned payments within ten (10) calendar days after the Court's dismissal of this action with prejudice. The Parties agree that it is the responsibility of Plaintiff's counsel, Gary A. Costales, Esquire, to remit and disburse all sums owed to Plaintiff under the terms of the Agreement.

Plaintiff agrees that she is liable and fully responsible for payment of any and all taxes normally and customarily paid by the employee, including any penalties, interest

101261_1

3

or other costs attributable to the late payment of such taxes. Plaintiff agrees she will indemnify and hold Defendants harmless from any tax liability normally and customarily paid by the employee, including penalties and interest, in the event the IRS or any government agency subsequently determines that taxes, penalties, interest or other costs normally and customarily paid by the employee are due for the sums paid pursuant to this Agreement.

FOURTH: Plaintiff agrees not to make any application for employment at any time, in any capacity, with Defendants. Plaintiff further waives and releases any right to be considered for such employment. Plaintiff further agrees that in the event she applies for employment with Defendants and is rejected for such employment, she will not file a charge or complaint with any agency and/or court based on, or alleging facts related to, events occurring prior to, and including, the date of the execution of this Agreement. Plaintiff further agrees that she will not file a charge or complaint alleging discrimination and/or retaliation against Defendants if rejected from such employment.

FIFTH: It is expressly understood by Plaintiff and her attorney that the obligations of Defendants contained in paragraph THIRD of this Agreement shall be in lieu of any and all amounts to which Plaintiff or her attorney are now, or may become, entitled to, based upon any claim whatsoever arising out of her employment with Defendants, her separation from employment with Defendants or otherwise (including special, general or exemplary damages, attorneys' fees, interest, expenses, and costs actually incurred).

SIXTH: Plaintiff warrants that she, her attorney, agents and/or family members have not and will not disclose, communicate, disseminate and/or publicize, or cause or

permit to be disclosed, communicated, disseminated or publicized the existence of or terms and conditions of this Agreement or its underlying facts, directly or indirectly, specifically or generally, to any person, business, organization, corporation, association, governmental agency, except as follows: (1) to the extent necessary to report income to appropriate taxing authorities; (2) to her attorney and accountant; (3) in response to requirements of law or a subpoena issued by a state or federal court or governmental agency, provided, however, that notice of receipt of such judicial order or subpoena immediately shall be communicated to counsel for Defendants telephonically, and confirmed immediately thereafter in writing so that Defendants will have the opportunity to intervene to assert what rights they may have in non-disclosure prior to any response to the order or subpoena.

The Parties further agree that in the event Plaintiff violates this provision, Defendants shall be entitled to the following from her:

    a.    Any and all actual damages, including compensatory damages suffered;

    b.    Liquidated damages in the amount of $750.00; and

    c.    The agreement by the offending party to the entry of a Restraining Order/ Injunction.

The foregoing Agreement not to disclose shall be binding on Plaintiff, her spouse and her attorney and accountant. Plaintiff's signature hereto also indicates her agreement that this non-disclosure provision is a material element of the Settlement Agreement and is a part of the consideration for Plaintiff and Defendants entering into this Agreement. No action of Defendants shall be taken as a waiver of her right to insist that Plaintiff abide by the non-disclosure terms of this Agreement.

101261_1

Defendants and Plaintiff agree that it would not be a violation of this paragraph for Plaintiff to state that she was employed by Defendants, the positions held, the duties performed and the pay received. The Parties further acknowledge that if Plaintiff is asked about the civil action, she may only respond that the "matter was amicably resolved," or that the "matter has been settled to the Parties' mutual satisfaction" or other words to that effect. Plaintiff acknowledges and agrees that under this paragraph she is specifically prohibited from initiating any communication, verbally or in writing, with any person, business, organization, corporation, association or governmental agency regarding the underlying facts in that action.

SEVENTH: Plaintiff hereby unconditionally and irrevocably releases and forever discharges Defendants, of and from, and agrees not to sue and not to assert against them any causes of action, claims and demands whatsoever, at law, in equity, or before any agency or commission of local, state and federal governments, arising, or alleged to have arisen, or which may arise under any law including, but not limited to, the Fair Labor Standards Act, the Equal Pay Act, federal, state, or municipal anti-discrimination laws such as the Americans with Disabilities Act, Title VII of the Civil Rights Act, as amended, Section 11A of the Miami-Dade County Code, the Florida Civil Rights Act of 1992 and Section 440.205, Florida Statutes, that Plaintiff ever had, now has, or which her heirs, executors, administrators, or assigns, or any of them, hereafter can, shall or may have, based on any set of facts known or unknown, occurring prior to, and including, the date of the execution of this Agreement. Defendants hereby unconditionally and irrevocably release and forever discharge Plaintiff, of and from, and

agrees not to sue and not to assert against Plaintiff any causes of action, claims and demands whatsoever, at law, in equity.

EIGHTH: The Parties represent and agree that they have thoroughly discussed all aspects of this Agreement with their attorneys and have carefully read and fully understand all of the provisions of this Agreement, and that they are voluntarily entering into this Agreement.

NINTH: The Parties hereto represent and acknowledge that in executing this Agreement they do not rely and have not relied on any representation or statement made by any of the Parties or by any of the Parties' agents, representatives, or attorneys with regard to the subject matter, basis, or effect of this Agreement or otherwise other than those specifically stated in this written Agreement.

TENTH: Any breach of any term, provision, or obligation of this Agreement by any Party, shall entitle the other to seek enforcement of such term, provision or obligation in a court of law of competent jurisdiction, and shall entitle the prevailing Party to an award of the reasonable attorney's fees and costs incurred in such proceeding. The proper and only venue for any action, based upon any alleged breach of any term, provision or obligation of this Agreement, shall be in Miami-Dade County, Florida and Florida law will apply.

ELEVENTH: Should any provision of this Agreement be declared or be determined by any court of competent jurisdiction to be illegal, invalid, unethical or unenforceable, the legality, validity and enforceability of the remaining parts, terms or provisions shall not be affected thereby, and said illegal, unenforceable, unethical or invalid part, term, or provision shall be deemed not to be part of this Agreement.

TWELFTH: The Parties to this Agreement may execute their signatures in counterpart, each document of which may be considered as an original when executed.

THIRTEENTH: The Parties expressly acknowledge and agree that this Agreement and the payment of the sums provided in paragraph Third are contingent upon the entry of Order from the Court approving the Settlement and dismissing the civil action with prejudice.

FOURTEENTH: Defendants agree to provide a neutral reference to any prospective employer, individual, or entity that inquires about the previous employment of Plaintiff for purposes of offering employment. If any request is made about Plaintiff's employment, Defendants shall inform any inquiring party that it has a neutral reference policy that prohibits the disclosure of any information about former employees, other than salary, position(s) held and dates of employment.

_20/4/05_
Date

_____
Zaida Pena


_____
Date

_____
Gary A. Costales, Esquire

_05/18/05_
Date

_____
Jorge Negrin, individually

_05/18/05_
Date

_____
Malkia Negrin, individually

_05/18/05_
Date

_____
Hodica Security Parking, Inc.
By: _JORGE NEGMY_
(Print Name)

101261_1

8

TWELFTH: The Parties to this Agreement may execute their signatures in counterpart, each document of which may be considered as an original when executed.

THIRTEENTH: The Parties expressly acknowledge and agree that this Agreement and the payment of the sums provided in paragraph Third are contingent upon the entry of Order from the Court approving the Settlement and dismissing the civil action with prejudice.

FOURTEENTH: Defendants agree to provide a neutral reference to any prospective employer, individual, or entity that inquires about the previous employment of Plaintiff for purposes of offering employment. If any request is made about Plaintiff's employment, Defendants shall inform any inquiring party that it has a neutral reference policy that prohibits the disclosure of any information about former employees, other than salary, position(s) held and dates of employment.

| | |
|---|---|
| _20/4/05._<br>Date | _[signature]_<br>Zaida Pena |
| _May 11, 2005_<br>Date | _[signature]_<br>Gary A. Costales, Esquire |
| _____<br>Date | _____<br>Jorge Negrin, individually |
| _____<br>Date | _____<br>Malbia Negrin, individually |
| _____<br>Date | _____<br>Hodica Security Parking, Inc.<br>By: _____<br>(Print Name) |

101261_1

8

TOTAL P.02